# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **GUY GENTILE NIGRO,** ) | |
| ) | **Civil Action No. 3:25-cv-1573** |
| **Plaintiff,** ) | |
| ) | **Removal From The Court Of First** |
| -v- ) | **Instance, Superior Court of San Juan,** |
| ) | **Commonwealth of Puerto Rico** |
| **DAVID LOPEZ, ESQ.,** ) | **Civil No. SJ2025CV08130** |
| **MIRIAM TAUBER, ESQ.,** ) | |
| **AVALON HOLDINGS CORPORATION,** ) | |
| And **NEW CONCEPT ENERGY, INC.,** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendants.** ) | |
| ) | |

## ANSWER TO THE COMPLAINT AND AFFIRMATIVE DEFENSES

**THE DEFENDANTS AND EACH OF THEM,** through their attorneys undersigned, DAVID LOPEZ, ESQ. (pro hac vice application pending), MIRIAM TAUBER, ESQ. (pro hac vice application pending), ORESTE R. RAMOS, ESQ. and CHRISTIAN MUÑOZ-LUGO, ESQ., appear without submitting to the jurisdiction of the court and plead the following as their Answer to the complaint and their Affirmative Defenses:

1. Admit that Guy Gentile [Nigro]("Plaintiff") is of legal age, and a businessman. Deny knowledge or information sufficient to answer whether he is an international investor and therefore Deny. Admit that he has at times in the past resided in Puerto Rico but aver that he is now a resident and domiciliary of Dubai in the United Arab Emirates having fled there to avoid honoring judgments lodged in the United States District Courts for The Southern District of New York and for the Southern District of Florida amounting, in the aggregate, with costs and interest, to approximately $36,000,000 of which approximately $18,000,000 is currently owed to Defendants Avalon Holdings Corporation and New Concept Energy,

Inc. He has made his current locale of residence and domicile known only under the encouragement of a bench warrant for his civil arrest issued in the Southern District of New York and vacated on the condition that he cooperate with the Defendants in submitting to examination as a judgment debtor.

  a. Admitted.

  b. Deny knowledge or information sufficient to answer and therefore denied.

  c. Deny that his pleaded claimed past connections and activities in Puerto Rico qualify him as a resident which he is not. Deny that, given the various judgments outstanding against him, he has a reputation in Puerto Rico affected by defendants' privileged acts in attempting to collect upon two of those judgments.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied. See affirmative defenses below regarding improper venue and lack of jurisdiction.

7. Denied and aver that statements made by or on behalf of the defendants by DAVID LOPEZ, ESQ. and MIRAM TAUBER, ESQ. were pursuant to litigation proceedings and/or court order and thereby privileged and that they were truthful and accurate when made and thereby neither libelous, defamatory, calumniating nor actionable.

8. The allegations contained in paragraph 8 of the Complaint are legal statements and conclusions of law and, as such, do not require an informative response. Alternatively, it is denied that the cited case is applicable to the facts of this case or that the actions undertaken by or on behalf of the defendants pursuant to court order entered following a hearing in

open court in the Southern District of New York at which plaintiff's attorney of record was present and actively participating were "for the purpose of causing harm to reputation in Puerto Rico".

9. Admitted except that the referenced court is the *SOUTHERN* District of New York, not the *SOUTH* District of New York.

10. Admitted, and aver that those judgments for short-swing insider trading were unanimously affirmed in this final week of October, 2025.

11. Admitted.

12.  Denied.  The document speaks for itself as the most cursory reading of the actual words of the relevant affidavit will confirm.

13. Denied, except admitted that publication was not successfully accomplished for reasons satisfactorily explained to the court in denying Plaintiff's Motion For Sanctions; and aver that publication was one of several alternative methods ordered for giving notice to the Plaintiff of the pendency of an application for an arrest warrant, some others of which were successful in satisfying due process notification.

14. Denied that allegedly false statements were the procuring cause for the issuance of an arrest warrant.  Admitted that an arrest warrant was issued the existence of which flushed the Plaintiff out of hiding in Dubai.  Plaintiff's assertions here were also made to Judge Cote in the S.D.N.Y. in plaintiff's motion to sanction David Lopez, Esq. and Miriam Tauber, Esq., which assertion were not credited and which motion was denied.

15. Admitted that Ms. Tauber filed with the court an Affirmation of Service at the stated Docket reference.  Denied that it was a motion.  Denied that such affirmation is other than a privileged utterance made in the course of litigation. Admitted that such filing is a public

record available to all who seek access. Denied that as a resident and domiciliary of The United Arab Emirates the plaintiff had or has a "Puerto Rican Community".

16. Admitted that various privileged litigation utterances, matters of public record, were, published. Denies knowledge or information sufficient to identify which publications on which occasions the Complaint alludes to and therefore denies the allegations.

17. Denied. The publication of privileged litigation utterances does not impair their privilege. No publication by defendants was made with intent to discredit the plaintiff. Plaintiff has not met the heightened pleadings standards for fraud allegations pursuant to Fed. R. Civ. P. 9(b), and defendants deny the conclusory allegation that an arrest order was obtained through fraud.

18. Admitted that in a privileged letter to the United States Court Of Appeals For The Second Circuit David Lopez, Esq. explained correctly the governing principles of the "Fugitive Disentitlement Doctrine". Denied that a correct exposition of the law of the "Fugitive Disentitlement Doctrine" evidences a "strategy" of deception.

19. Admitted that in a privileged letter to the United States Court Of Appeals For The Second Circuit David Lopez, Esq., explained correctly that the existence of an outstanding warrant for Plaintiff's arrest was not a pre-requisite for application of the "Fugitive Disentitlement Doctrine". Denied that such explanation, apparently not comprehended by Plaintiff, "confirms that using the term "fugitive" consisted of a fabricated narrative for the purpose of discrediting him publicly, not a necessary judicial fact".

20. Denied that the referenced explanations in writings directed to the United States Court Of Appeals For The Second Circuit were "false out-of-court statements". Denies having

sufficient knowledge or information to know whether these accurate privileged statements "affected the reputation of the plaintiff in Puerto Rico" and therefore Denied.

    a. Denies that the plaintiff's self-directed failure to return to Puerto Rico in order to evade compliance with the judgment and arrest warrant of the United States District Court for the Southern District of New York is an actionable injury. It is the act of a fugitive;

    b. Denies that the plaintiff's claimed inability to visit his family or maintain normal family and cultural ties in Puerto Rico by reason of his evasion of the judgment and arrest warrant of the United States District Court for the Southern District of New York by reason of his self-created fugitive status is an actionable injury;

    c. Denies that the plaintiff's claimed harm to his reputation, his emotional distress, loss of credibility in the Puerto Rican business community and disruption of his personal and family life by reason of his evasion of the judgment and arrest warrant of the United States District Court for the Southern District of New York and by reason of his self-created fugitive status is an actionable injury;

    d. Denies knowledge or information sufficient to respond to whether plaintiff suffered "cancellation of business deals that were underway" as plaintiff has failed to plead any facts identifying such "deals" or establishing that such cancellations were not self-created by his flight, concealment and fugitive status.

21. Denied. There was a valid warrant for plaintiff's arrest and he was a fugitive. And so long as he does not submit to deposition he is liable to its reinstatement.

22. Denied. See paragraph 21 above.

23. Denied. All referenced "publications" were pursuant to court order or addressed to courts in the course of pending litigations or appeals. They were and are fully protected by the litigation privilege. To contend otherwise is frivolous.

24. Denied as to factual contentions and conclusions of law. Rhetorical flourishes, legal statement and conclusions of law require no response.

25. Denied. No relevant facts pleaded. Conclusions of law require no response.

## AFFIRMATIVE DEFENSES

26. All responses raised in the aforementioned paragraphs are incorporated herein by reference.

## **LITIGATION PRIVILEGE**

27. All claimed and alleged defamatory statements were made in the course of litigations before the United States District Court for the Southern District of New York and the United States Court of Appeals for the Second Circuit.

28. All claimed publications of putative defamatory statements were made pursuant to orders of the United States District Court for the Southern District of New York.

29. All putatively defamatory or libelous or calumniating utterances claimed by plaintiff to have been made by or on behalf of the defendants were made in the course of litigation and appeal including public utterances made in obedience to court orders made after a hearing in open court at which plaintiff's attorney of record in the district court and in the appellate court was present and was heard.

30. By reason of the context in which they were made all such utterances are subject to the litigation privilege which immunizes them from challenge as defamation, libel or calumny in this suit.

31. All such statements and publications are absolutely privileged and immune to charges of libel, defamation or calumny.

**LACK OF PERSONAL JURISDICTION**

32. The plaintiff is not a citizen or resident or domiciliary of Puerto Rico. Rather, by his choice and with fugitive intent, he has located himself to Dubai in the United Arab Emirates.

33. The plaintiff has no continuing business interests or assets or presence in Puerto Rico and none has been pleaded.

34. No defendant is a citizen or resident or domiciliary of Puerto Rico and the contrary has not been pleaded.

35. No defendant has any business interests or assets or presence in Puerto Rico and the contrary has not been pleaded.

36. No defendant has minimal contacts with Puerto Rico and the contrary has not been pleaded.

37. No act or transaction constituting the alleged defamation, libel or calumny was performed in Puerto Rico and none has been pleaded.

38. The Supreme Court Case cited in the Complaint as a basis for jurisdiction in Puerto Rico involved publication of putatively defamatory matter in a supermarket tabloid disseminated in California but prepared in and emanating from Florida. The tabloid had a circulation of many thousands of readers in California. The putatively defamatory matter was found to have been emitted with the purpose and intent of publication in California where the plaintiff lived and worked.

39. No claim is made in the Complaint in this case that court filings or court letter submissions generated and emitted in New York were made with the purpose or intent of publication in Puerto Rico.

40. No claim is made in the Complaint of actual publication of court filings or court letter submissions having been made in Puerto Rico.

## LACK OF MINIMAL CONTACTS IN PUERTO RICO

41. Minimal contacts by the defendants with Puerto Rico have not been pleaded and do not exist.

## LACK OF IN PERSONAM JURISDICTION DUE TO INSUFFICIENT PROCESS OR INSUFFICIENT SERVICE OF PROCESS

42. There is no availability to the plaintiff of nationwide service of process and no long-arm statute has been pleaded or identified.

43. Such service of process by publication or personal delivery as has been attempted is defective to confer *in personam jurisdiction* on this court or the transferor court with respect to each defendant individually and to all defendants collectively including failure to deliver copies of the complaint, failure to deliver English language translations of the complaint, failure to comply with the edict of service by publication and other defects.

## DEFECTIVE CHOICE OF VENUE

44. There is no factual basis for laying venue in Puerto Rico and none has been pleaded.

## FORUM NON CONVENIENS

45. This case was filed in Puerto Rico in the Court of First Instance, Superior Court of San Juan, Commonwealth of Puerto Rico, a court whose proceedings are conducted in the Spanish language, precisely for the purpose of inconveniencing the defendants through the need for them to make expensive translations of those proceedings and to conduct the defense across the language barrier.

46. With removal of the case to this court at the defendants' instance, the language barrier has been removed.

47. All defendants and their principal attorneys reside and have principal places of business more than one thousand miles distant from Puerto Rico.

48. All purportedly defamatory acts took place in the State of New York.

49. All court filings claimed to have been defamatory were made and are situated in the State of New York.

50. The judgments and post-judgment enforcement proceedings which are at the heart of plaintiff's grievances are ongoing in the United States District Court for the Southern District of New York.

51. The district court judges, magistrate judge and three appellate judges who were the recipients of putatively defamatory, libelous and calumniating publications or who ordered their general publication are all in New York.

52. The district court judge who held a hearing inquiring into the plaintiff's fugitive conduct and who ordered his arrest and then entertained and denied plaintiff's motion for sanctions against David Lopez, Esq. and Miriam Tauber, Esq. is in New York.

53. The plaintiff himself resides 8,500 miles distant from Puerto Rico and his choice of forum cannot have been made for personal convenience.

54. Puerto Rico is not a convenient forum. New York is. The plaintiff is familiar with the location of the courthouse.

**TRUTH**

55. All putatively defamatory or libelous or calumniating utterances claimed by plaintiff to have been made by or on behalf of the defendants were true at the times made, an absolute defense to the claims of this suit.

**OTHER DEFENSES**

56. The Complaint fails to state a claim upon which relief may be granted and is time-barred to the extent the claim is based on factual allegations that occurred over one year before the Complaint was filed. See *e.g.*, 31 P.R. Laws Ann. § 9496.

57. Plaintiff's actions are in bad faith and for the obstruction of justice.

58. The allegations in the Complaint do not meet pleadings standards as they are vague and ambiguous. Plaintiff did not allege fraud with particularity.

59. The damages claimed, if any, were self-inflicted by Plaintiff and/or related to external factors or parties unrelated to the defendants.

60. The Complaint is barred by the doctrine of res judicata and collateral estoppel as to any allegations already argued in other proceedings and addressed by other judicial or administrative authority.

61. Plaintiff engaged in laches, to the prejudice of the defendants.

62. Plaintiff did not suffer any cognizable damages and failed to mitigate the alleged damages.

63. Defendants reserve their right to amend its Answer to the Complaint and its Affirmative Defenses.

*-- This Space Left Intentionally Blank --*

**WHEREFORE**, the Defendants and each of them ask that the Complaint be dismissed with prejudice and that costs, expenses and fair and reasonable legal fees be awarded, together with such other and different remedies as the court may deem just and proper.

In San Juan, Puerto Rico, on this 4th day of November 2025.

    Respectfully submitted,

**PIETRANTONI MENDEZ & ALVAREZ LLC**
*Local Counsel For The Defendants*
Popular Center, 19th Floor
208 Ponce de León Avenue
San Juan, Puerto Rico 00918
Tel: 787.274.1212

*/s/ Oreste R. Ramos*
Oreste R. Ramos
USDC – PR Bar No. 216801
oramos@pmalaw.com

*/s/ Christian A. Munoz Lugo*
Christian A. Munoz Lugo
USDC – PR Bar No. 305813
cmunoz@pmalaw.com

| | |
|---|---|
| DAVID LOPEZ, ESQ. | MIRIAM TAUBER, ESQ. |
| *Attorney For MIRIAM TAUBER, ESQ.,* | *Attorney for DAVID LOPEZ, ESQ,.* |
| *AVALON HOLDINGS CORPORATION,* | *AVALON HOLDINGS CORPORATION,* |
| *NEW CONCEPT ENERGY, INC.* | *NEW CONCEPT ENERGY, INC.* |
| | |
| */s/ David Lopez* | */s/ Miriam Tauber* |
| David Lopez, Esq. | Miriam Tauber, Esq. |
| *Pro Hac Vice Application Pending* | *Pro Hac Vice Application Pending* |
| 171 Edge Of Woods Road, P.O. Box 323 | 885 Park Avenue, Suite 2A |
| Southampton, New York 11968 | New York, New York 10075 |
| Tel: 631.287.5520 | Tel: 917.683.6823 |

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this date we electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system thereby serving at the same time on all persons registered to receive such service by that means this 4th day of November, 2025.

PIETRANTONI MENDEZ & ALVAREZ LLC

/s/ *Christian A. Muñoz Lugo*
By:   Christian Muñoz Lugo