THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**GUY GENTILE NIGRO,**

    **Plaintiff,**

    v.

**DAVID LÓPEZ, ET AL.,**

    **Defendants.**

**Civil No. 25-1573 (ADC)**

**MEMORANDUM AND ORDER**

On September 10, 2025, plaintiff filed a defamation civil complaint in the Puerto Rico Court of First Instance against David López. Esq., Miriam Tauber, Esq., Avalon Holdings Corporation, and New Concept Energy, Inc. ("defendants"). Generally, plaintiff claims that he suffered damages due to defendants' statements during court proceedings in the United States District Court for the Southern District of New York.[1] Defendants removed the case on October 29, 2025. **ECF No. 1**. On November 7, 2025, defendants filed a motion to dismiss the case. **ECF No. 10**. Defendants move for Fed. R. Civ. P. 12(b)(3) dismissal or transfer of venue claiming that neither Puerto Rico Courts nor this District Court are the proper venue for this case. *Id*. *Inter alia*, they argue that "[n]o act or transaction purported to constitute the defamations is pleaded to

---

[1] According to the information available, such proceedings ended in a judgment in favor of the here-defendants that was affirmed by the Court of Appeals for the Second Circuit on October 18, 2025. *Avalon Holdings Corp. v. Gentile*, No. 24-1002, 2025 WL 3012333, at *1 (2d Cir. Oct. 28, 2025).

have taken place [or effect] in Puerto Rico[,]" and that "[n]o utterance made in connection with the New York legal proceeding is pleaded to have been made with a purpose of being published or re-published in Puerto Rico." *Id*., at 4. To this date, plaintiff has failed to make an appearance, move for an extension of time, or oppose the motion to dismiss.

This District Court's Local Rules provide that, "[u]nless within fourteen (14) days after the service of a motion the opposing party files a written opposition to the motion, the opposing party shall be deemed to have *waived* any objection to the motion." L. Civ. R. 7(b) (emphasis added). That rule "authorizes the presiding district judge to summarily grant the unopposed motion, at least when the result does not clearly offend equity." *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7 (1st Cir. 2002) (internal quotation marks omitted). *See also Jones v. Providence Pub. Schs.*, No. 23-1407, 2024 WL 1128034, at 1 (1st Cir. Mar. 11, 2024) (reasoning that, in order to grant a motion to dismiss under Fed. R. Civ. P. 12(b)(6) on procedural default, "the relevant local rule generally must impose a mandatory requirement to file an opposition and/or must warn that a plaintiff will be deemed to have waived arguments in opposition to dismissal if that plaintiff does not file an opposition…."). Indeed, "[w]here a local rule expressly requires a response to a motion, the non-moving party is placed on notice that failure to respond could result in a procedural default." *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004) (citing *Pinto v. Universidad De Puerto Rico,* 895 F.2d 18, 19 (1st Cir. 1990)). Accordingly, the unopposed motion to dismiss should be granted.

Dismissal is also proper on the merits. In light of the fact that this case was not filed in "(1) a judicial district in which any defendant resides…; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated…." *id*., the Court must dismiss or transfer it. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013) ("the court must determine whether the case falls within one of the three categories set out in § 1391(b)…if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)."). Because plaintiff failed to meet his burden of demonstrating that venue was proper, *Cordis Corp. v. Cardiac Pacemakers*, 599 F.2d 1085, 1086 (1st Cir. 1979), and failed to argue for transfer "in the interest of justice," the Court must dismiss the action. *See* 28 U.S.C. § 1406 ("(a)… district *shall* dismiss, or *if it* be in the interest of justice, transfer such case to any district or division in which it could have been brought.") (emphasis added).

For all the above, the motion to dismiss at **ECF No. 10 is GRANTED**. The case is dismissed without prejudice.

Clerk of Court shall enter judgment.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 24th day of November, 2025.

                                                **S/AIDA M. DELGADO-COLÓN**
                                                **United States District Judge**